# UNITED   STATES   DISTRICT   COURT
# SOUTHERN   DISTRICT   OF   GEORGIA
# SAVANNAH   DIVISION

LATOYIA TRAIMAINE GIBBONS,   )
                                 )
       Plaintiff,           )
                                 )
v.                            )
                               )       CV418-006
NANCY A. BERRYHILL,        )
Acting Commissioner of      )
Social Security,            )
                               )
       Defendant.       )

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff LaToyia Traimaine Gibbons seeks judicial review of the Social Security Administration's denial of her application for Supplemental Security Income ("SSI") and Disability Insurance benefits.

## I.   GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v.*

*Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).   The ALJ applies

. . . a five-step, "sequential" process for determining whether a claimant is disabled.   20 C.F.R. § 404.1520(a)(1).   If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step.   *Id*. § 404.1520(a)(4).   At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.   *Id*. § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe."   *Id*. § 404.1520(a)(4)(ii).   At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment.   *Id*. § 404.1520(a)(4)(iii).   If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work.   *Id*. § 404.1520(a)(4)(iv).   If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience.   An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

---

[1]   At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).   RFC is what "an individual is still able to do despite the limitations caused by his or her impairments."   *Id*. (*citing* 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012).   "The ALJ makes the RFC determination based on all relevant medical and other evidence presented.   In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step."   *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

## II.   ANALYSIS

Gibbons, who was 36 years old when her claims were denied, alleges disability beginning on December 15, 2012.   Tr. 40.   She has some college education and past job experience as a child monitor, cashier, stocker, security guard, and housekeeper/cleaner.   Tr. 26-27. After a hearing, the ALJ issued an unfavorable decision.   Tr. 13-27. She found that Gibbons' status post-Hodgkin's lymphoma, degenerative disc disease of the thoracic and lumbar spines, adjustment disorder, and anxiety disorders were severe but did not meet or medically equal a Listing.   Tr. 15-21.   The ALJ found that Gibbons retained the RFC for light work except she could occasionally climb stairs, balance, kneel, and stoop but never climb ladders or crawl; and she should avoid concentrated exposure to unprotected heights and hazardous machinery. Tr. 21.   Gibbons also was limited to work involving simple and low-level detailed tasks and only occasional decision-making, changes in the workplace, and interaction with co-workers or the public.   *Id.*   Plaintiff, she determined, could perform her past relevant work as a housekeeper.

Tr. 26.   Gibbons disagrees, arguing that the ALJ failed to develop the record to show that plaintiff was disabled for a continuous period of 12 months, to examine evidence of plaintiff's disabling limitations prior to the date of her biopsy for Hodgkin's disease, and to include pre-biopsy limitations of Hodgkin's disease in the RFC.   Docs. 12 & 16.

## I.   Onset Date

Plaintiff was diagnosed with Hodgkin's lymphoma after a biopsy in April of 2014.   Tr. 538.   Gibbons alleges, however, that her Hodgkin's lymphoma "went undiagnosed for several months, despite complaints." Doc. 12 at 7-12 (citing pre-biopsy emergency room visits and other complaints of abdominal pain).   Had the ALJ properly incorporated the effects of Hodgkin's lymphoma *pre*-biopsy, she argues, the ALJ would have found plaintiff disabled for a period of 12 months.   *Id.*   At bottom, plaintiff presents two issues for review: whether the ALJ failed to develop the record as to her pre-existing Hodgkins lymphoma, and whether the ALJ should have applied SSR[2] 83-20.

---

[2]   Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted."   20 C.F.R. § 402.35(b)(1).   SSRs are entitled to deference, but are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations").

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (*citing* 20 C.F.R. § 416.912(d) ("[b]efore we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application"); *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995)). However, "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Id.* (*citing* 20 C.F.R. § 416.912(a) ( "[claimant] must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 416.912(c) ("[y]our responsibility[:] You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled"). Even if an ALJ fails to fulfill his duty to develop the record, remand is only required if "the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Mosley v. Acting Com'r of Soc. Sec. Admin.*, 633 F. App'x 739, 742 (11th Cir. 2015) (*quoting Shalala*, 44 F.3d at 934-36).

Here, contrary to Gibbons' argument, the ALJ *did* inquire into all

of the facts and circumstances surrounding her alleged impairment, including her pre-biopsy trips to the emergency room for abdominal pain. Tr. 16-17, *citing* tr. 393-427, 465-555.    From December 2012, when she was diagnosed with a small hiatal hernia and colonic diverticulosis, through the summer of 2013, when she was diagnosed with left renal colic, plaintiff repeatedly treated for pain and other symptoms localized in her abdomen.   *See* tr. 349, 400, 410, 424, 426.   Plaintiff also sought medical care at the emergency room following a motor vehicle accident in February of 2014.   Tr. 487-493.   In all that time, no one found (or suspected) Hodgkin's lymphoma as the source of her malady.   More importantly, as the Commissioner has noted, "no physician or other medical source opined that these earlier episodes of abdominal pain were the result of undiagnosed Hodgkin's."   Doc. 15 at 6.   Likewise, the medical records considered by the ALJ neither identify any diagnosis for Hodgkin's prior to the biopsy date or offered any suggestion that plaintiff's treating physician believed she had Hodgkin's prior to the biopsy date.   Put differently, Gibbons points to nothing in the record demonstrating the existence of a gap requiring further investigation or consultation regarding Gibbons' pre-biopsy condition.   The ALJ had

6

nothing to supplement.[3]    *Mosley*, 633 F. App'x at 742.

Even if the ALJ had failed to develop the record regarding the Hodgkin's onset date, however, Gibbons has not established the clear prejudice that necessitates remand.    Nowhere in her briefs does she argue that a finding that she had pre-existing signs of Hodgkin's lymphoma would result in a *disability* finding.[4]    Instead, plaintiff merely points out that the ALJ "made no findings about severity extending for twelve months when the actual onset date (as opposed to the biopsy date) was considered."    Doc. 12 at 8.    Moreover, as will be discussed below, plaintiff does not point to any limitation imposed by her soon-to-be-diagnosed Hodgkin's lympoma present prior to her biopsy date which was not incorporated into the RFC.    Meaning, even if the ALJ erred by not further fleshing out Gibbons' pre-biopsy record, that error is harmless.    *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (an error is "harmless" where correcting it would not change the outcome).    As a result, plaintiff has failed to demonstrate any

---

[3] Because plaintiff, was represented by counsel, the ALJ did not have a heightened duty to probe into all relevant facts surrounding her disability claim. *Id.*, *citing Ellison*, 355 F.3d at 1276; *Brown*, 44 F.3d at 934-35.

[4] Plaintiff argues that the ALJ found that her Hodgkin's was "severe" after the biopsy.    Doc. 12 at 8.    However, as the Commissioner notes, the ALJ did not make such a finding but was instead summarizing the report of the State agency medical consultant, Tr. 108, which was ultimately not given great weight, Tr. 24.

evidentiary gap in the record that resulted in clear prejudice sufficient to justify a remand.

Plaintiff next claims that the ALJ had an obligation to consult a medical expert pursuant to SSR 83-20 to determine the onset date of plaintiff's disability.   Doc. 12 at 13.   "SSR 83-20 addresses the situation in which an administrative law judge makes a finding that an individual is disabled as of an application date and the question arises as to whether the disability arose at an earlier time."   *Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir. 2004) (*citing Lichter v. Bowen*, 814 F.2d 430, 434 (7th Cir. 1987); *Campbell v. Chater*, 932 F. Supp. 1072, 1075 (N.D. Ill. 1996); SSR 83-20).   In situations like the present case, however, "[w]hen substantial evidence supports the finding that a plaintiff is not disabled, the ALJ does not err in failing to call a medical expert to determine an onset date of disability."   *Coleman v. Colvin*, 2016 WL 7334640, at * 3 (M.D. Fla. Jan. 11, 2016) (*citing Caces v. Comm'r of Soc. Sec.*, 560 F. App'x 936, 939 (11th Cir. 2014); *Gregory v. Astrue*, 2011 WL 1100292, at * 6 M.D. Fla. Mar. 23, 2011)).   Because the ALJ in this case did not find plaintiff disabled, there was no need to find an onset date. As a result, SSR 83-20 does not apply.

## II.   RFC Formulation

Gibbons alleges that the RFC is not supported by substantial evidence because it failed to address the symptoms and limitations of Hodgkin's disease which pre-existed the biopsy.  Doc. 12 at 12.  She also alleges that the ALJ failed to address her subjective reports of fatigue.  *Id.* at 13.

An ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence, 20 C.F.R. §§ 416.927(d)(2), 946(c), based on the entire record, 20 C.F.R. §§ 404.1520a (evaluation of mental impairments), 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony).   The RFC represents the most a claimant can do despite her limitations, SSR 96-8p, and it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole.  *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R.

§ 404.1546(c) (the ALJ has the responsibility for determining a claimant's RFC). Moreover, the ALJ can distill a claimant's RFC from an amalgamation of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record").

In evaluating her symptoms and limitations, the ALJ found that Gibbons' medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 22. In formulating the RFC, the ALJ specifically considered plaintiff's ailments prior to her diagnosis of Hodgkin's lymphoma. Tr. 16-17, 22. The ALJ also, however, emphasized plaintiff's own testimony that she was capable of engaging in light work. Tr. 25. After all, Gibbons gets her children up for school,

prepares dinner, helps with homework, attends prayer meetings, uses cell phones and computers, schedules and reschedules medical appointments, uses kitchen implements, shops, and is independent in maintaining hygiene.  *Id.*, *citing* tr. 265-272.  Gibbons' admitted daily activities are inconsistent with her allegations of disabling fatigue, and the ALJ permissibly discounted her credibility accordingly.  *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) ("Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained or inadequately explained, failure to seek treatment or follow a prescribed course of treatment."), *quoted in Perez Guerrero v. Colvin*, 2016 WL 4807953 at * 6 (S.D. Fla. Mar. 23, 2016).[5]

    Plaintiff waves at an argument that the ALJ failed to credit the

---

[5]   That the ALJ pointed to further evidence in the record, further buttresses her credibility determination.  *See* tr. 22-23 (*citing* tr. 1016-27 (Dr. Huy Pham's consultative examination notes that Gibbons could "sit, walk, and/or stand for a full worday.   She cannot lift/carry objects without limitation.   She can hold a conversation, respond appropriately to questions, carry out and remember instructions."))Dr. Pham's opinion that plaintiff was capable of physical exertion consistent with light work, which plaintiff does not challenge, further undermines her allegations of total disability.   Tr. 24 (recapitulating Dr. Pham's opinion that Gibbons was capable of sitting, walking, and standing for a full workday, with a sit/stand option, and could lift up to 20 pounds, and explaining that, given Gibbons' activities of daily living, she would not need to alternate sitting/standing more than would be captured in regular work breaks).

mental limitations imposed by Gibbons' Hodgkin's lymphoma prior to the biopsy date, but still has not identified any limitations related to that lymphoma which are not fully captured by the ALJ's restriction to perform "light work" "involving simple and low-level detailed tasks, occasional decision-making, occasional changes in workplace, occasional interatction with the public, and work around co-workers with occasional interaction."  Doc. 12 at 12-13 (arguing, based solely upon a hypothetical to the VE that she would be unable to work if off task 20% of the time, that the ALJ erred in her RFC assessment); doc. 16 (arguing, yet again, that the ALJ erred by not addressing her pre-biopsy limitations but failing to even *hint* at just what those limitations might be or where in the record they might be found); *see Wolfe v. Colvin*, 2013 WL 3285358, at *3 (M.D. Fla. June 27, 2013) ("Importantly, no doctor has opined that the plaintiff has greater functional limitations than found by the law judge.").  The medical record and plaintiff's reported activities simply do not support a greater physical functional restriction than the ALJ's assessed limitations, either pre-biopsy or post-diagnosis.

After all, diagnoses alone do not prove inability to work, *Moore*, 405 F.3d at 1213 n. 6; 20 C.F.R. § 404.1505(a); 404.1520(a)(4)(iv) (severe

health problems must preclude substaintail gainful activity, not simply exist), and the mere fact that an impairment is considered "severe" at Step 2 does not oblige any particular functional restriction at Step 4. Ultimately, plaintiff bears the burden of proving that she is disabled, and, consequently she is responsible for producing evidence in support of his claim.  *See* 20 C.F.R. § 416.912(a)(the burden is on the claimant to "furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 416.912(c) (the claimant "must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled).  And plaintiff has not met her burden.

## III.   CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Given the lapse in government appropriations, this matter has been stayed by the district judge. Doc. 17.   Therefore, **within 14 days of the lifting of the**

**administrative stay** in this case, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this <u>29th</u> day of January, 2019.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

14